RECEIVED
MAR 0 6 2023
RICHARDS & CONNOR

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **(1) PENDANT PROPERTIES LLC,** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) |
| | ) |
| **v.** | ) **Case No.: CIV-22-245-GLJ** |
| | ) |
| **(1) EMC PROPERTY & CASUALTY** | ) |
| **COMPANY,** | ) |
| | ) |
| **DEFENDANT.** | ) |

### PLAINTIFF'S RESPONSES TO DEFENDANT EMC PROPERTY
### AND CASUALTY COMPANY'S DISCOVERY REQUESTS

Plaintiff Pendant Properties LLC submits the following discovery responses to Defendant

pursuant to Federal Rules of Civil Procedure, through its counsel of record,

> Phil R. Richards
> RICHARDS & CONNOR
> 12th Floor, ParkCentre Bldg.
> 525 S. Main Street
> Tulsa, Oklahoma 74103

### PRELIMINARY STATEMENT

1.      Plaintiff's investigation and development of all facts and circumstances relating to

this action is ongoing. These responses and objections are made without prejudice to, and are not

a waiver of, Plaintiff's right to rely on other facts or documents at trial.

2.      By making the accompanying responses and these objections to Defendant's

requests for production, Plaintiff does not waive, and hereby expressly reserves, its right to assert

any and all objections as to the admissibility of such responses into evidence in this action, or in

any other proceedings, on any and all grounds including, but not limited to, competency,

Exhibit
8

relevancy, materiality, and privilege. Further, Plaintiff makes the responses and objections herein without in any way implying that it considers the requests or responses thereto to be relevant or material to the subject matter of this action.

3.      Plaintiff will produce responsive documents only to the extent that such documents are in its possession, custody, or control.

4.      Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

## GENERAL OBJECTIONS

1.      Plaintiff objects to each instruction, definition, and document request if it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Plaintiff objects to each interrogatory or document request that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence or not proportional to the needs of the case considering the burden or intrusiveness of the requested discovery outweighs its likely benefit.

3.      Plaintiff objects to each definition, instruction, interrogatory, and document request, if it seeks documents protected from disclosure by the attorney-client privilege, attorney or party work product doctrine, or any other applicable privilege. Should any such disclosure by Plaintiff occur, it is inadvertent and shall not be a waiver of any privilege.

2

4.      Plaintiff further objects to each definition, instruction, and document request as overbroad and unduly burdensome to the extent it seeks documents readily or more accessible to Defendant, or from Defendant's own files, or documents that Defendant produced to Plaintiff. Responding to such requests would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such requests is substantially the same or less for Defendant as for Plaintiff. This objection encompasses, but is not limited to, documents produced by or to Defendant, documents in Defendant's claim file created by or for Defendant, and all correspondence between Plaintiff and Defendant. Plaintiff will refer to past production where such has occurred.

5.      Defendant's interrogatories and document requests seek confidential, proprietary, or general business operations information. For example, Defendant has requested personnel files of employees, financial operating statements, and tenant rental history, among others. Plaintiff objects to the production of irrelevant, confidential documents and will not produce those documents unless directed by the Court to do so (under a Protective Order entered by the Court).

6.      To the extent any of Defendant's document requests seek documents that include expert material, including but not limited to inspection reports or conclusions, Plaintiff objects to any such requests as premature and expressly reserves the right to supplement, clarify, revise, or correct any responses to such requests, and to assert more objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports.

7.      Plaintiff incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for

3

emphasis or some other reason. Failing to include any general objection in any specific response waives no general objection to that request. Plaintiff does not waive its right to amend its responses.

## INTERROGATORIES

**INTERROGATORY NO. 1:** State the name, business and residence addresses, telephone numbers, and relationship to you, if any, of all persons who answered or contributed to your responses to these discovery requests.

**RESPONSE NO. 1:** Jeri McKenzie was assisted by the undersigned counsel in preparing these answers: Residence: 3424 Mt Washington Road, Ardmore, OK   73401; Business: West Main Suite, 200 Ardmore, OK  73401.

**INTERROGATORY NO. 2:** State the name, business and residence addresses, telephone numbers, and relationship to you, if any, of each person whom you believe has knowledge of any fact alleged in your Petition and, for each such person identified, state the facts which you believe are known to them.

**RESPONSE NO. 2:** Plaintiff objects to this request to the extent that it seeks information protected by the work product doctrine (i.e. disclosure of consulting experts). Notwithstanding, and without waiving this objection, for persons to Plaintiff's knowledge at this time (with the information known to Plaintiff at this time), and in addition to Ms. McKenzie, the following:

> (1) Brian McCarty, Service First Roofing, Business: 1407 Broadway Ardmore, OK   73401. (580) 630-1180. Mr. McCarty has knowledge about the damage to the Property.

> (2) Doug Van Es, through Counsel of Record, Phil R. Richards, RICHARDS & CONNOR, 12th Floor, ParkCentre Bldg, 525 S. Main Street, Tulsa, Oklahoma 74103. Mr. Van Es served as a claim specialist in this matter on

behalf of Defendant and will have knowledge of the handling of Plaintiff's claim and EMC Property & Casualty Company's denial of the claim.

(3) EMC Property & Casualty Company through Counsel of Record, Phil R. Richards, RICHARDS & CONNOR, 12th Floor, ParkCentre Bldg, 525 S. Main Street, Tulsa, Oklahoma 74103. Mr. Van Es served as a claim specialist in this matter on behalf of Defendant and will have knowledge of the handling of Plaintiff's claim and EMC Property & Casualty Company's denial of the claim, the company's claim handling policies, procedures, practices, training, etc.

(4) Kennedy Roofing, 6050 158th St  Noble OK  73068, (405) 397-0091, knowledge of inspection and damages to the roof and property.

(5) Larry Umber, Premier Inspection Services, Inc., PO Box 721390, Norman, OK 73070, (405) 226-5213, his inspection of the property and report he prepared on behalf of Defendant.

(6) Shawn M. Thompson, P.E. Engineering Inc., P.O. Box 1510, Edmond, OK 73083, (405) 341-2111, inspection and report prepared on behalf of Defendant.

**INTERROGATORY NO. 3:** Provide an itemization of all damages which you seek to recover from EMC in this litigation, including for any item of tangible property a description of the item damaged, its age as of the alleged date of loss, the original cost of procuring the item, and the cost to repair or replace the item, and for any intangible damages a description of the type of damage claimed, the reason for the claim of such damage, the amount of damage which you believe you are entitled to recover and the factual basis upon which you base that claim for damage and its value, and as to each such item of tangible or intangible damage so identified state the name, address and telephone numbers of each person you believe has knowledge thereof and describe all written and electronic documents you believe tend to prove the same in sufficient detail that the same can be identified in a request for production of documents directed to you.

**RESPONSE NO. 3:** Plaintiff has not made a determination of its full damages at this time, but Plaintiff does seek compensation for loss to its covered property (which is contested,

and in Plaintiff's view exceeds Defendant's computation) and other damages allowed under Oklahoma law, as reflected OUJI 22.4 in an amount to be determined by the jury, and for attorney's fees, interest, and other penalties. Plaintiff will supplement this response as it completes discovery and experts have submitted the requisite reports.

**INTERROGATORY NO. 4:** For the ten years preceding the date upon which you claim the subject building suffered the loss which gives rise to this lawsuit, list the date of each inspection (including routine maintenance inspections) of the exterior or interior of the building together with the name of the individual or entity who performed the inspection and their address and telephone numbers, provide a summary of what they reported as to the condition of the property, and describe any written and electronic documents provided to you in relation to the inspection in sufficient detail that the same can be identified in a request for production of documents directed to you.

**RESPONSE NO. 4:**   Plaintiff has not owned the building for the ten years preceding the date of loss for this claim. Plaintiff, in fact, purchased the building on April 1, 2020. Related to the purchase were inspections for an Environmental Report and Appraisal.

**INTERROGATORY NO. 5:** Since the date upon which you claim the subject building suffered the loss which gives rise to this lawsuit, list the date of each inspection (including routine maintenance inspections) of the exterior or interior of the building together with the name of the individual or entity who performed the inspection and their address and telephone numbers, provide a summary of what they reported as to the condition of the property, and describe any written and electronic documents provided to you in relation to the inspection in sufficient detail that the same can be identified in a request for production of documents directed to you.

6

**RESPONSE NO. 5:** Plaintiff objects to this response to the extent that it seeks information protected by the work product doctrine (i.e. disclosure of consulting expert activities). Notwithstanding, and without waiving this objection, see the documents provided with Plaintiff's initial disclosures, Bates No. Pendant_1-182. See also the fire inspection reports produced herewith. Plaintiff will supplement this response when it makes a determination on the retention of a testifying expert, and as the rules otherwise require.

**INTERROGATORY NO. 6:** State the name, business address and telephone numbers of any individual or entity who prepared an estimate for repair of any portion of the subject building which you believe was a result of the loss which gives rise to this lawsuit, or performed any repairs in relation to the loss, and describe all written and electronic documents known to you to reflect those estimates or repairs in sufficient detail that the same can be identified in a request for production of documents directed to you.

**RESPONSE NO. 6:** Plaintiff objects to this response to the extent that it seeks information protected by the work product doctrine (i.e. disclosure of consulting expert activities, conclusions, etc.). Plaintiff will supplement this response when it, through counsel, makes a determination on the retention of a testifying expert(s), and as the rules otherwise require.

**INTERROGATORY NO. 7:** State the name, address and telephone numbers of every real estate agent or broker, inspector, engineer and attorney involved in any way in the transaction which resulted in your acquisition of the subject property, and describe any written and electronic documents related to that transaction in sufficient detail that the same can be identified in a request for production directed to you.

**RESPONSE NO. 7:** Cindy Silvas, Broker (580) 721-9355 G3 Land and Home 107 E Main Ardmore, OK 73401; Darin Dalbom, MAI Appraiser 15309 Fountain Creek Lane Edmond, OK 73013 (918) 857-9190; Mark Cox, Ph. D. Environmental Inspector Enviro Group, LLC 1800 N Interstate Dr. Norman, OK 73072 (phone number unknown). Any reports by these persons were standard or the type related to the purchase and mortgage of property. Plaintiff also produces the reports in its possession.

**INTERROGATORY NO. 8:** Describe what you or anyone acting on your behalf has done to mitigate or attempt to mitigate any damage which you claim resulted from the loss which this lawsuit concerns, including the name, address and telephone numbers of each person who engaged in each such act of mitigation or attempted mitigation, the date and the actual cost thereof, and describe any written and electronic documents or materials which you believe exist related to each such act in sufficient detail that the same can be identified in a request for production of documents directed to you.

**RESPONSE NO. 8:** Plaintiff hired a local handyman to assist with leak mitigation: Roger Baker, 1010 Hargrove Ardmore, OK 73401 (580) 504-5085. See also the related documents produced herewith.

**INTERROGATORY NO. 9:** List the name of each insurer of the subject property from January 1, 2015 to the present, and as to each such insurer state all policy numbers of each insurance policy which it issued as to the subject property during that time period.

**RESPONSE NO. 9:** Plaintiff has not owned the property since 2015 but understands EMC has insured the property since at least 2017. Since Plaintiff has owned the property: EMC Policy 6A1-93-44 April 1, 2020, to April 1, 2021; Berkshire Hathaway Guard, Policy:

8

PEBP313199 from April 1, 2021, through April 1, 2022; CNA Paramount,  Policy: 7018621556 from April 1, 2022, through April 1, 2023.

**INTERROGATORY NO. 10:** List the name, address and telephone numbers of each insurance agent, broker or producer through which you have procured any policy insuring the subject property from January 1, 2015 to the present, and as to each state the name of the writing insurer and the policy numbers of each insurance company with whom they placed any policy on the subject property during that time period.

**RESPONSE NO. 10:**  Since Plaintiff has owned the property: EMC from April 1, 2020 through March 31, 2021; Insurance Agent: Tanner Watkins, Watkins Insurance Agency, 1704 McLish St  Ardmore, OK,  (580) 223-1181;

Berkshire Hathaway Guard  Policy: PEBP313199 from April 1, 2021- April 1, 2022

> Lena Sullivan
> Sullivan Insurance Agency
> 321 W Broadway
> Ardmore, OK  73401
>  (580) 223-2187

CNA Paramount  Policy: 7018621556  from April 1, 2022 through April 1, /2023

> Lena Sullivan
> Sullivan Insurance Agency
> 321 W Broadway
> Ardmore, OK  73401
>  (580) 223-2187

**INTERROGATORY NO. 11:** List the date of all claims made by you to any insurer for alleged damage to the subject property, and for each such claim state the insurer to whom the claim was made, the claim number assigned by that insurer, provide a description of the nature of the damage claimed and its location on the building, and describe all written and electronic

documents pertaining to the claim in sufficient detail that the same can be identified in a request for production of documents directed to you.

**RESPONSE NO. 11:**  On or about September 1, 2020, Ardmore experienced torrential rainfall exceeding six inches in a few hours. The downtown sewer system could not handle the water and the roof drain backed up and flooded through the roof of Citizens Bank.  Pendant filed a claim with EMC Number, Claim No. Z01615030. See documents previously produced with initial disclosures and any additional herewith.

**INTERROGATORY NO. 12:** For each complaint made to you by any third party, including tenants, concerning the subject property since January 1, 2015 to present, state the date of the complaint, the names and addresses and telephone numbers of the person or entity making the complaint, the nature of the complaint, and describe any written and electronic document pertaining to the complaint in sufficient detail that the same can be identified in a request for production of documents directed to you.

**RESPONSE NO. 12:**  No tenant has made a written complaint. Steve Dyer in office 603 notified David Cox, who does the building maintenance and cleaning, that he had occasional leaks in his office, but Plaintiff is unsure of the time period.

**INTERROGATORY NO. 13:** State the facts which you believe tend to prove that EMC breached the subject contract of insurance in relation to the insurance claim which gives rise to this lawsuit, and as to each such fact state the name and address and telephone numbers of each person whom you believe has knowledge thereof and describe each written and   electronic document which you believe tends to establish such fact sufficiently that the same can be identified in a request for production of documents directed to you.

10

**RESPONSE NO. 13:** Plaintiff objects to the extent that this interrogatory is a contention interrogatory, and reserves the right to complete discovery and learn all facts, some of which are only known to Defendant at this time. See FED.R.CIV.P. 33(c). Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of the testimony of supporting witnesses, and the contents of supporting documents. *See Hiskett v. Wal–Mart Stores, Inc.*, 180 F.R.D. 403, 404 (D.Kan.1998); *Lawrence v. First Kansas Bank & Trust*, 169 F.R.D. 657, 663 (D.Kan.1996).

Notwithstanding, and without waiving this objection, Plaintiff generally states that EMC has unreasonably withheld payment of insurance benefits owed because of a covered loss under the insurance contract. EMC lacked, and lacks, a reasonable basis for the denial of the claim.

In addition, Plaintiff submitted the hail damage claim in December 2020, and within three months EMC gave notice of non-renewal. During that time, EMC sent an adjuster on December 17, 2020, then sent an engineer on January 28, 2021. EMC was slow to respond and only sent reports after repeated requests.

When trying to obtain new insurance from third parties, Plaintiff had to obtain and present a loss run report for the property. There were open claims. As Plaintiff understands it, this caused premiums on the new like-policy to almost double.

In Plaintiff's view, EMC's investigation was biased and outcome-oriented. One example is from the engineer's report,

> Weather research for hail including the National Weather Service and Hail Verification Report #16011165 produced by CoreLogic Spatial Solutions, LLC at this location indicated that hail 1.0" in diameter or larger, an accepted minimum for creating damage to the most susceptible building components, may have occurred on Aug 16, 2020 (1.0 in. diameter) and Apr 21, 2020 (1.0" diameter), and prior to that not since May 22, 2011 (1.4 in diameter). While radar generated reports are an indicator of the

11

maximum sized hail that could have fallen in the vicinity of this property,
it is not a guarantee that this sized hail may actually have occurred...

The language seems designed to minimize the fact that hail damaged the property. Other nearby commercial properties had roofs replaced after the August 2020 storm. The engineer's report did not include a picture of a broken window upstairs, which could have only been caused by flying debris.

For further response, see the response to Interrogatory No. 1 and 2 above.

**INTERROGATORY NO. 14:** State the facts which you believe tend to prove that EMC breached any duty of good faith and fair dealing owed to you in relation to the insurance claim which gives rise to this lawsuit, and as to each such fact state the name and address and telephone numbers of each person whom you believe has knowledge thereof and describe each written and electronic document which you believe tends to establish such fact sufficiently that the same can be identified in a request for production of documents directed to you.

**RESPONSE NO. 14:** Plaintiff objects to the extent that this interrogatory is a contention interrogatory, and reserves the right to complete discovery and learn all facts, some of which are only known to Defendant at this time. See FED.R.CIV.P. 33(c). Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of the testimony of supporting witnesses, and the contents of supporting documents. *See Hiskett v. Wal–Mart Stores, Inc.*, 180 F.R.D. 403, 404 (D.Kan.1998); *Lawrence v. First Kansas Bank & Trust*, 169 F.R.D. 657, 663 (D.Kan.1996).

Notwithstanding, and without waiving this objection, Plaintiff generally states that EMC has unreasonably withheld payment of insurance benefits owed because of a covered loss under the insurance contract. EMC lacked, and lacks, a reasonable basis for the denial of the claim.

For further response, see the response to Interrogatory No. 1, 2, and 13 above.

12

**INTERROGATORY NO. 15:** State the facts which you believe tend to prove that the conduct of EMC in relation to the insurance claim which gives rise to this lawsuit was such as to warrant the imposition of punitive or exemplary damages upon it, and as to each such fact state the name and address and telephone numbers of each person whom you believe has knowledge thereof and describe each written and electronic document which you believe tends to establish such fact sufficiently that the same can be identified in a request for production of documents directed to you.

**RESPONSE NO. 15:** Plaintiff objects to the extent that this interrogatory is a contention interrogatory, and reserves the right to complete discovery and learn all facts, some of which are only known to Defendant at this time. See FED.R.CIV.P. 33(c). Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of the testimony of supporting witnesses, and the contents of supporting documents. *See Hiskett v. Wal–Mart Stores, Inc.*, 180 F.R.D. 403, 404 (D.Kan.1998); Lawrence v. *First Kansas Bank & Trust*, 169 F.R.D. 657, 663 (D.Kan.1996).

Notwithstanding, and without waiving this objection, Plaintiff generally states that EMC has unreasonably withheld payment of insurance benefits owed because of a covered loss under the insurance contract. EMC lacked, and lacks, a reasonable basis for the denial of the claim.

For further response, see the response to Interrogatory No. 1, 2, and 13 above.

**INTERROGATORY NO. 16:** State the name and address and telephone numbers of every tenant who has occupied any portion of the subject building since your acquisition of it, and as to each such tenant describe all written and electronic documents reflecting your arrangement by which the tenant was allowed to occupy such building space sufficiently that the same can be identified in a request for production of documents directed to you.

**RESPONSE NO. 16:**   Plaintiff objects to this interrogatory as overly broad and requests confidential information. Specifically, this request is not proportional to the needs of the case considering the burden of the requested discovery outweighs its likely benefit.  As such, Plaintiff has limited its response to the top floor tenants:

| | |
|---|---|
| BICE | 10 West Main Ardmore, OK 73401 |
| BOSHAM Media | 10 West Main, Suite 604 Ardmore, OK 73401 |
| Chapman Brothers | 10 West Main Suite 618 Ardmore, OK 73402 |
| Chapman Energy | 10 West Main Suite 618 Ardmore, OK 73402 |
| Chapman Minerals | 10 West Main Suite 618 Ardmore, OK 73402 |
| Double C Cattle Co. | 10 West Main, Suite 605 Ardmore, OK 73401 |
| Dyer Legal Team | 10 West Main Suite 603 Ardmore, OK 73401 |
| ECIB | 10 West Main Suite Ardmore, OK 73402 |
| EJC Management | 10 West Main Suite 618 Ardmore, OK 73402 |
| Falls Creek | 10 West Main Suite 605 Ardmore, OK 73402 |
| Jordan Investments | PO Box 98 Ardmore, OK 73402 |
| Larry Scott | 10 West Main, Suite 607 Ardmore, OK 73401 |
| Tres Tierras | 10 West Main Suite 618 Ardmore, OK 73402 |
| Vertical Petroleum Industries | 10 West Main, Suite 605 Ardmore, OK 73401 |

**INTERROGATORY NO. 17:** State the name and address and telephone numbers of every one of your employees and independent contractors who have worked in the building in any capacity from the date of your acquisition of the subject building to the present, and as to each such employee and independent contractor describe all personnel files and other written and electronic documents reflecting your employment or retention thereof sufficiently that the same can be identified in a request for production of documents directed to you.

**RESPONSE NO. 17:**  Plaintiff objects to this interrogatory as overly broad and requests confidential information. Specifically, this request is not proportional to the needs of the case considering the burden of the requested discovery outweighs its likely benefit.  As such, Plaintiff has limited its response to the vendor contact list as the records are maintained in the ordinary course of business. See the list included in the documents produced herewith.

14

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Produce all written and electronic documents described or identified in your answers to the foregoing interrogatories.

> **RESPONSE NO. 1:** For responsive documents, see those produced with Plaintiff's initial disclosures, and any addition produced herewith.

**REQUEST FOR PRODUCTION NO. 2:** Produce all written and electronic documents that you believe tend to establish the amount of the property damage which you claim in this litigation.

> **RESPONSE NO. 2:** For responsive documents, see those produced with Plaintiff's initial disclosures, and any addition produced herewith. Plaintiff has not completed its investigation and will supplement this response accordingly.

**REQUEST FOR PRODUCTION NO. 3:** Produce copies of all written and electronic documents related to your acquisition of the subject property.

> **RESPONSE NO. 3:** Plaintiff objects to this request as overly broad and seeks irrelevant, confidential information. Specifically, this request is not proportional to the needs of the case considering the burden of the requested discovery outweighs its likely benefit. As such, Plaintiff has limited its response to the inspection(s) and appraisal related to the purchase.

**REQUEST FOR PRODUCTION NO. 4:** Produce copies of all written and electronic documents related to any inspection or evaluation of the subject property conducted by you or on your behalf prior to your acquisition of the property.

> **RESPONSE NO. 4:** Plaintiff objects to this request as overly broad and seeks irrelevant, confidential information. Specifically, this request is not proportional to the needs of the case considering the burden of the requested discovery outweighs its likely benefit. As such, Plaintiff has limited its response to the inspection(s) and appraisal related to the purchase.

15

**REQUEST FOR PRODUCTION NO. 5**: Produce all written and electronic documents, estimates, photographs, reports, and invoices resulting from any inspection, maintenance, construction or repair of the subject property from the date of your acquisition of the property to the date of the alleged property damage which this lawsuit concerns.

**RESPONSE NO. 5:**   For any responsive documents, see those produced herewith.

**REQUEST FOR PRODUCTION NO. 6**: Produce all written and electronic documents, estimates, photographs, reports, and invoices resulting from any inspection, maintenance, construction or repair of the subject property from the date of the alleged property damage which this lawsuit concerns to the present.

**RESPONSE NO. 6:**   Plaintiff objects to the extent it requests documents protected by the work product privilege (including documents created by counsel or consulting experts). Notwithstanding, and without waiving, this objection, Plaintiff refers Defendant to the documents previously produced, and those produced herewith. Plaintiff will supplement this response as required by the designation of experts, and the applicable rules.

**REQUEST FOR PRODUCTION NO. 7:** Produce all records maintained by you of tenancy and rental payments related to the subject building from the date of your acquisition of the building to the present.

**RESPONSE NO. 7:**   Plaintiff objects to this request as overly broad and seeks irrelevant, proprietary, confidential information. Specifically, this request is not proportional to the needs of the case considering the burden of the requested discovery outweighs its likely benefit. Plaintiff has made no claim for lost rent, nor does the information relate to the insurance coverage or the physical damage to the property.  Discovery should not be used as a fishing expedition to either harass Plaintiff or satisfy the idle curiosity of Defendant or its lawyers.

16

**REQUEST FOR PRODUCTION NO. 8**: Produce quarterly profit and loss statements reflecting all income and expense related to your ownership and operation of the subject building from the date of your acquisition of the building to the present.

      **RESPONSE NO. 8:** Plaintiff objects to this request as overly broad and seeks irrelevant, proprietary, confidential information. Specifically, this request is not proportional to the needs of the case considering the burden and intrusiveness of the requested discovery outweighs any benefit. Plaintiff has made no claim for lost profits, nor does the information relate to the insurance coverage or the physical damage to the property. Discovery should not be used as a fishing expedition to either harass Plaintiff or satisfy the idle curiosity of Defendant or its lawyers.

**REQUEST FOR PRODUCTION NO. 9:** Produce copies of all written and electronic documents and records resulting from any complaint made concerning the subject property by any third party, including tenants, from the date of your acquisition of the property to the present.

      **RESPONSE NO. 9:** Plaintiff objects to this request because it is ambiguous. Assuming the request is anchored in the dispute between the parties—i.e. written complaints related to the damage and loss at issue here—none.

**REQUEST FOR PRODUCTION NO. 10:** Produce all written and electronic documents tending to show that you or anyone acting on your behalf made any effort to mitigate any of the damages or losses which you seek to recover from EMC in this case.

      **RESPONSE NO. 10:** See the documents produced herewith.

**REQUEST FOR PRODUCTION NO. 11:** Produce each insurance policy by which you have insured the subject property since your acquisition of it.

**RESPONSE NO. 11:**   Plaintiff objects to this request as overly broad and seeks irrelevant, proprietary, confidential information. The only relevant insurance policy here is the one issued by EMC, and in effect at the time of loss. That document was previously produced.

**REQUEST FOR PRODUCTION NO. 12:** Produce all written and electronic documents relating to any insurance claim you have made for alleged damage to the subject property since your acquisition of it.

**RESPONSE NO. 12:**   See the documents previously produced, and any additional produced herewith.

**REQUEST FOR PRODUCTION NO. 13:** Produce each written and electronic document which you contend supports your allegation that EMC breached its insurance contract with you.

**RESPONSE NO. 13:** See the documents previously produced, and any additional produced herewith. Plaintiff will supplement as it discovers documents from Defendant, and any testifying expert has completed reports.

**REQUEST FOR PRODUCTION NO. 14:** Produce each written and electronic document which you contend supports your allegation that EMC breached any duty of good faith and fair dealing owed to you.

**RESPONSE NO. 14:**   See the documents previously produced, and any additional produced herewith. Plaintiff will supplement as it discovers documents from Defendant, and any testifying expert has completed reports.

**REQUEST FOR PRODUCTION NO. 15:** Produce each written and electronic document which you contend supports your allegation that EMC's conduct warrants the imposition of punitive or exemplary damages upon it.

18

**RESPONSE NO. 15:** See the documents previously produced, and any additional produced herewith. Plaintiff will supplement as it discovers documents from Defendant, and any testifying expert has completed reports.

**REQUEST FOR PRODUCTION NO. 16:** Produce all written and electronic documents reflecting any governmental inspections of the subject building since your acquisition of it.

**RESPONSE NO. 16:** See any responsive documents produced herewith.

**REQUEST FOR PRODUCTION NO. 17:** Produce the personnel file and personnel documents of all employees who have worked for you in the subject building at any time from the date of your acquisition of the building to the present.

**RESPONSE NO. 17:** Plaintiff objects to this request as overly broad and seeks irrelevant, proprietary, confidential information. Specifically, this request is not proportional to the needs of the case considering the burden and intrusiveness of the requested discovery outweigh any benefit. Plaintiff has made no claim for lost profits, nor does the information relate to the insurance coverage or the physical damage to the property. Discovery should not be used as a fishing expedition to either harass Plaintiff or satisfy the idle curiosity of Defendant or its lawyers.

**REQUEST FOR PRODUCTION NO. 18:** Produce all written and electronic documents pertaining to any independent contractor who has worked for you in the subject building at any time from the date of your acquisition of the building to the present.

**RESPONSE NO. 18:** Plaintiff objects to this request as overly broad and seeks irrelevant, proprietary, confidential information. Specifically, this request is not proportional to the needs of the case considering the burden and intrusiveness of the requested discovery outweigh any benefit. The requested information is unrelated to the insurance coverage or the

physical damage to the property. Discovery should not be used as a fishing expedition to either harass Plaintiff or satisfy the idle curiosity of Defendant or its lawyers.

Respectfully submitted,

Terry M. McKeever, OBA #21751
tmm@fylaw.com
S. Alex Yaffe, OBA #21063
ay@fylaw.com
**FOSHEE & YAFFE LAW FIRM**
P.O. Box 890420
Oklahoma City, OK 73189
Telephone:    (405) 632-6668
Facsimile:    (405) 632-3036

*ATTORNEYS FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28 day of February, 2023, I served the foregoing document by certified United States mail, return receipt requested, and by email, upon the following:

Phil R. Richards
RICHARDS & CONNOR
12th Floor, ParkCentre Bldg.
525 S. Main Street
Tulsa, Oklahoma 74103
*ATTORNEYS FOR DEFENDANT*
*EMC PROPERTY & CASUALTY COMPANY*

Terry M. McKeever

